# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| LINDA M. HENSON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. CIV-17-785-SM |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Linda M. Henson (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's (Commissioner) final decision that she was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Docs. 5, 11.

After a careful review of the record (AR), the parties' briefs, and the relevant authority, the undersigned affirms the Commissioner's final decision.[1] *See* 42 U.S.C. § 405(g).

---

[1] For the parties' briefs, the undersigned's page citations refer to this Court's CM/ECF pagination. Page citations to the AR refer to that record's original pagination.

I.   **Administrative determination.**

   A.   **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   B.   **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge (ALJ) findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis in order to decide whether Plaintiff was disabled during the relevant time period. AR 20-26; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, the ALJ found Plaintiff:

(1) was severely impaired by first, degenerative disc disease; second, by obesity; third, by hyperthyroid; fourth, by headaches; fifth, by PTSD; and sixth, by major depressive disorder;

(2) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity[2] (RFC) for light work with some limitations;

(4) was able to perform past relevant work as kitchen helper and housekeeper; and so,

(5) had not been under a disability as defined by the Social Security Act since April 12, 2015 through the date of the ALJ's decision, April 4, 2017.

AR 23-31.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

3

### 2. Appeals Council action.

The Social Security Administration's Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision in this case. *Id.* at 1-5; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

B.   **Issue for judicial review.**

Plaintiff contends "[t]he [ALJ] failed to weigh [Plaintiff's] subjective statements under the correct legal standards." Doc. 14, at 7. She also argues the faulty analysis undermined the RFC. *Id.* at 13-14.

C.   **Analysis.**

1.   **Plaintiff's challenge to the ALJ's credibility evaluation.**

Plaintiff begins her challenge to the legal sufficiency of the ALJ's evaluation of her credibility by noting what an ALJ is required by law and regulation to consider, evaluate, weigh, link, and document evidence in making a credibility determination. *Id.* at 9-11. Plaintiff asserts the ALJ "merely summarized [Plaintiff's] testimony and recited a boilerplate conclusion." *Id.* at 8. Plaintiff maintains "the ALJ never discussed the inconsistencies between the objective and other evidence of record and [Plaintiff's] subjective statements." *Id.* at 8-9. And, she argues the ALJ offered merely "conclusions in the guise of findings." *Id.* at 9.

a.   **Review of credibility determinations.**

"[An] ALJ's credibility findings warrant particular deference." *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001). "Credibility determinations are the province of the factfinder, and [a court] will not upset them" when "supported by substantial evidence." *Lykins v. Colvin*, 657 F. App'x 726, 728

5

(10th Cir. 2016) (citing *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010)). But such "credibility findings 'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Id.* (quoting *Wilson*, 602 F.3d at 1144). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," the credibility determination is to be considered adequately supported. *Id.*

In evaluating the effects of a claimant's symptoms, the ALJ must examine the entire record, "including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4 (March 16, 2016). Those factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other

witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Wilson*, 602 F.3d at 1145 (quotation omitted); *see* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

### b.     The ALJ's credibility determination.

The ALJ concluded

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

AR 29.

As to Plaintiff's attack on the ALJ's use of boilerplate, she is correct that it is error for the ALJ to use standard boilerplate language that fails to set forth the "specific evidence" the ALJ considered in determining that a claimant's complaints were not credible. *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, when an ALJ's credibility determination does not rest on mere boilerplate language, but is linked to specific findings of fact fairly derived from the record, the court will affirm it. *White v. Barnhart,* 287 F.3d 903, 909-10 (10th. Cir. 2000).

7

Here, the ALJ linked his credibility analysis to specific findings of fact. He reviewed Plaintiff's medical history, the extent of medical treatment, surgeries, and medical contacts since 2013. AR 23-26. He considered her mental health treatment, her adherence to medication instructions, her physical therapy records, referrals to specialists, and her reported medical conditions. *Id.* at 23-29. He reviewed Plaintiff's testimony, her daily activities, and her relief from therapy and medications. *Id.*

He considered the "consistency . . . of nonmedical testimony with objective medical evidence." *Wilson*, 602 F.3d at 1145; *see* AR 23-30. In doing so, the ALJ gave great weight to the February 2016 opinion evidence from the State agency mental health physician, Joy Kelley, PhD., which noted her previous prescriptions for Vistaril and Prozac for her depression and anxiety. AR 29, 76. Dr. Kelley reviewed her medical evidence of record and noted she was not receiving mental health treatment currently, and has "not required IP treatment." *Id.* at 76. The ALJ summarized Dr. Kelley's findings regarding Plaintiff's ability to "care for her personal needs, prepare meals, shop, and manage funds." *Id.* at 29. She had mild difficulties in maintaining social functioning. *Id.* at 75. The most restrictive aspect of her mental RFC was Dr. Kelley's noting Plaintiff was moderately limited in the ability to understand,

remember, and carry out detailed instructions. *Id.* at 79. The ALJ gave this portion of the opinion some weight. *Id.* at 30.

In June 2016, Dr. Gary Lindsay, PhD., reviewed Dr. Kelley's mental RFC assessment. *Id.* at 92. Plaintiff presented no new medical evidence of record. *Id.* The ALJ imposed more restrictions than the state agency mental-health physicians opined, limiting her to understanding, remembering, and carrying out only routine and repetitive tasks. *Id.* at 30.

Dr. Ronald Painton, M.D., provided a summary of the evidence and evaluated plaintiff's credibility as a part of his assessment. *Id.* at 78. He found Plaintiff's allegations to be "partially credible" and limited her to light work. *Id.* He noted her activities of daily living indicate she can "prepare[] quick, simple meals," "does laundry," "cannot sit/stand for long periods of time." *Id.* at 78. The ALJ noted Dr. Painton's opinion Plaintiff "could perform light exertional work." *Id.* at 29.

In June 2016, Judy Marks-Snelling, D.O., M.P.H., reviewed Dr. Painton's physical RFC assessment. *Id.* at 94. She, like Dr. Painton, concluded the "current MER does not support the degree of physical limitation the clt. alleges. Allegations are partially credible." *Id.* Plaintiff does not challenge the ALJ's consideration of the opinions. The ALJ gave great weight to the state

9

agency physician's opinion Plaintiff could perform light exertional work. AR 29-30 (citing *id.* at 58-81, 84-113).

The ALJ correctly relied on medical sources in making his credibility finding. SSR 16-3p ("State agency medical and psychological consultants and other program physicians and psychologists may offer findings about the existence and severity of an individual's symptoms. We will consider these findings in evaluating the intensity, persistence, and limiting effects of the individual' symptoms.").

Though the ALJ used boilerplate language, he adequately linked his analysis to specific findings of fact. He supplemented his boilerplate statements with "specific evidence." Substantial evidence support the ALJ's summary of evidence and his credibility findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Importantly, Plaintiff identifies no medical evidence of record that conflicts with the ALJ's conclusions. The ALJ reviewed and considered "all of the evidence of record." AR 30; *id.* at 28. Plaintiff points out no specific physical postural or nonexertional limitation that, in her view, the ALJ should have imposed, given the record before him. Similarly, Plaintiff does not address—or acknowledge—the exertional and nonexertional limitations the ALJ *did* include in the RFC. *See id.* at 28. Likewise, Plaintiff ignores the

significant restriction the ALJ imposed due to the effects of her severe physical impairments: a limitation to light work. *Id.* An ALJ can "engage in less extensive analysis where none of the record medical evidence conflicts with" the ALJ's physical RFC findings. *Wall*, 561 F.3d at 1068 (citation omitted).

"[A]lthough the ALJ may not have identified any specific incredible statements . . . his approach performed the essential function of a credibility analysis . . . ." *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). The ALJ properly considered the relevant factors and specifically set forth record evidence he relied upon in making his credibility determination. *See Qualls*, 206 F.3d at 1372.

### 2. Challenge to the RFC.

Plaintiff contends the above errors tainted the RFC. Doc. 14, at 13-14. She points to no objective evidence, medical or otherwise, for support. As noted, she does not challenge the ALJ's evaluation of the opinion evidence, where he gave "great weight" to the State agency physicians' opinions as set forth in their residual functional assessments. AR 29. Having found substantial evidence supporting the ALJ's credibility determination, Plaintiff's argument that the ALJ's "flawed [credibility] evaluation" "undermines" the ALJ's RFC also fails. Doc. 14, at 13.

### III. Conclusion.

The court AFFIRMS the Commissioner's decision.

ENTERED this 26th day of March, 2018.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE